[Crim. No. 1279. Second Appellate District, Division One.—March 26, 1926.]

THE PEOPLE, Respondent, v. GILBERT FATRIOUS, Appellant.

[1] CRIMINAL LAW—EMBEZZLEMENT — VERDICT — EVIDENCE.—In this prosecution for embezzlement and other offenses, of which the defendant was charged in different counts in the information, the evidence was sufficient to justify the verdict of guilty of the embezzlement charges as to which the defendant was sentenced by the trial court.

(1) 16 C. J., p. 1180, n. 74; 20 C. J.,.p. 486, n. 60.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Edwin F. Hahn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Milton G. Gill for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

HOUSER, J.—Defendant was found guilty of having committed offenses, as briefly charged in the information filed against him, as follows: Count one, embezzlement; count two, falsifying corporate records; count three, embezzlement; count four, alteration of corporate records; count five, embezzlement; count six, falsifying corporate records; counts seven, eight, nine, and ten, false entry by agent of bank; count eleven, forgery. Sentence was passed on defendant as to counts one, three, and eleven, and the passing of sentence was suspended as to all other counts of which defendant was found guilty. He has appealed from the judgment and from an order of court denying his motion for a new trial.

[1] The only complaint made by appellant is that the evidence was insufficient to justify the verdict as to embezzlement. Other than a general statement by appellant that "there is wholly a lack of evidence showing any receipt

of any item of money by this defendant or any money received by him, nor is there any evidence of the defendant's fraudulent appropriation of any of the money or property of the bank to his own use''—only the most incomplete and inadequate attempt is made to lead the way or in any manner to point out in what respect the evidence failed to support the verdict.

Defendant was employed in the exchange department of a bank. Without quoting the testimony given by the several witnesses introduced by the prosecution, or attempting to summarize the evidence adduced on the trial, it may be said that it clearly appears from such evidence that by a manipulation of accounts, drafts, and money of which defendant had charge, he was able to and did commit the crime of embezzlement as charged in each of counts one and three of the information, as well as the crime of forgery as charged in count eleven of the information. In view of the voluminous character of the evidence, it would seem a waste of time and energy for this court to demonstrate the correctness of the verdict. The claim of appellant that no cash came into his hands, and that there is no evidence of a shortage existing at any time in the cash delivered by him to the vault teller (as compared with the amount which should have been delivered), ignores evidence definitely supplying those facts. It suffices to say that the evidence is entirely satisfactory and convincing as to defendant's guilt.

The judgment and the order denying defendant's motion for a new trial are affirmed.

Conrey, P. J., and York, J., concurred.